IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BOBBY RICHARDSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:24-cv-642-ECM |
| | ) | [WO] |
| BJORN O. HENDRICKS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

The bulk of the procedural history of this case was adequately captured in the

Court's June 2, 2026 Order:

> This case was filed on October 10, 2024. Since then, this
> litigation has proceeded without any adversarial process on the
> part of the Defendants. Yet it has entirely languished. After a
> series of unsuccessful attempts at obtaining default judgment,
> counsel for the Plaintiffs withdrew. In the April 24, 2026 Order
> granting the motion to withdraw, the Court stayed this case for
> a thirty days "to allow the Plaintiffs to secure counsel to
> represent them in this matter" and required that "[c]ounsel shall
> file a notice of appearance on or before **May 25, 2026.**" To
> date, the Plaintiffs have not done so, nor have they prosecuted
> this case in any meaningful way since the Clerk of the Court's
> March 10, 2026 denial of the motion for entry of default.

(Doc. 85 at 1 (emphasis in original) (internal citations omitted)).  As a result, the Court

ordered the Plaintiffs to "SHOW CAUSE in writing **on or before June 16, 2026** why they

failed to comply with the Court's April 24, 2026 Order and to prosecute this case." (*Id.* at

2 (emphases in original)).  The Court warned that "[f]ailure to timely show cause may

result in dismissal of this case." (*Id.*).

A "district court need not tolerate defiance of reasonable orders." *Equity Lifestyle Prop., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009). Indeed, Federal Rule of Civil Procedure 41(b) permits the Court to dismiss a case where "the plaintiff . . . fails to prosecute or comply with . . . a court order." *See also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962) (recognizing "the [inherent] power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). And "[d]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).

To date, the Plaintiffs have wholly failed to prosecute their case and recently defied two back-to-back Court orders. The failure to comply with the Court's most recent Order occurred despite explicit forewarning that the result could be dismissal of this case. Here, equity—not only to the Plaintiffs, who have all but abandoned their case, but also to the Defendants, other litigants, and the broader public—demands the Court give effect to its orders and dismiss this case. *Cf. Young v. City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004); *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977).[1] Accordingly, and for good cause, it is

ORDERED that this case is DISMISSED.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Clerk of the Court is DIRECTED to close this case.

DONE this 30th day of June, 2026.

                         /s/ Emily C. Marks
                        EMILY C. MARKS
                        UNITED STATES DISTRICT JUDGE